[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the Court on defendant's motion to strike counts two, four, six and seven of the amended complaint and paragraphs two, four, five and six of the prayer for relief.
In count one, plaintiff alleges that he worked from January 1985 to June 1989 when he was discharged. He further alleges an agreement with his employer whereby he was entitled to 20 paid vacation days per year. Because he failed to take his full allotment of days during the period of his employment, he is owed for those unused vacation days.
Count two claims that failure to pay for the unused vacation days constitutes a violation of Connecticut General Statutes Section 31-71c(b) in that failure to pay vacation days constitutes a failure to pay wages. Further, he is entitled to double damages plus attorney's fees.
Count three alleges a claim for unjust enrichment in that the defendant received the value of services for those unused vacation days.
Count four, which incorporates the third count alleges that by accepting plaintiff's labor for the unused vacation days, defendant has failed to pay wages pursuant to Connecticut General Statutes Section 31-71c(b). He is, therefore, entitled to double the wages and attorney's fees and costs per Connecticut General Statutes Section 31-72.
Count five, which incorporates portions of the third count, sounds in quantum meruit.
The sixth count, incorporating the fifth count, again claims double wages plus costs and counsel fees.
The seventh count alleges negligent infliction of emotional distress and the eighth count alleges intentional infliction of emotional distress.
The prayer for relief claims double damages in 3 counts two, four and six. It also asks for attorney's fees, costs and punitive damages.
Defendant contends that unpaid vacation pay does not constitute wages and that the claim for negligent infliction of emotional distress is barred by Connecticut Workman's Compensation Act.
The parties have filed extensive briefs and surrebuttal briefs focusing primarily on the retroactivity or CT Page 4638 non-retroactivity application of Public Act 90-55 which amended Connecticut General Statutes Section 31-72.
The Court need not address that issue since the plaintiff has failed to allege facts sufficient to invoke either version of Connecticut General Statutes Section 31-72. In 1989, at the time of defendant's termination, Connecticut General Statutes Section 31-72 provided that:
 When an employer fails to pay an employee wages in accordance with the provisions of sections 31-71a to 31-71i, inclusive. . . such employee. . .may recover, in a civil action, twice the full amount of such wages, with costs and such reasonable attorney's fees as may be allowed by the court . . . .
Section 31-7a(3) defines wages as "compensation for labor or services rendered by an employee." Prior case law, under the pre-amended statute, held that accrued vacation pay is not wages for the purposes of the statute. See Palladino v. Northeast Graphics, Inc., 4 CSCR 328 (March 8, 1989, Thompson, J.); also, ABC Office Equipment, Inc. v. Royal Consumer Business Products, 721 F. Sup. 1557 (D.Conn. 1989).
Sufficient facts have not been alleged by the plaintiff to constitute a cause of action under 31-72 prior to its amendment.
In 1990, the General Assembly amended Section 31-72
by permitting an employee to bring a civil action when an employer fails to compensate an employee in accordance with Section 31-76K. See Connecticut Public Act 90-55 Sec. 1. Connecticut General Statutes Section 31-76K provides:
 If an employer policy or collective bargaining agreement provides for the payment of accrued fringe benefits upon termination, including but not limited to paid vacations, holidays, sick days and earned leave, and an employee is terminated without having received such accrued fringe benefits, such employee shall be compensated for such accrued fringe benefits exclusive of normal pension benefits in the form of wages in accordance with such agreement or policy but in no case less than the earned average rate for the accrual period CT Page 4639 pursuant to Sections 31-71a to 31-71i, inclusive.
Assuming arguendo, that the Court were to apply the principal of retroactivity so as to bring the amended section within the ambit of the present case, it would still fail to change the result. The plaintiff has failed to allege an employer policy or collective bargaining agreement so as to invoke the provisions of Section 31-76k.
Accordingly, the motion to strike counts two, four and six and paragraphs two, four, five and six of the prayer for relief is granted.
Addressing now the defendant's claim that the seventh count should be dismissed, the Court notes that Connecticut's Workman's Compensation Act provides as follows:
 Sec. 31-284. Basic rights and liabilities. Civil action to enjoin noncomplying employer from entering employment contracts. (a) An employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment or on account of death resulting from personal injury so sustained, but an employer shall secure compensation for his employees as follows, except that compensation shall not be paid when the personal injury has been caused by the wilful and serious misconduct of the injured employee or by his intoxication. All rights and claims between employer and employees, or any representatives or dependents of such employees, arising out of personal injury or death sustained in the course of employment as aforesaid are abolished other than rights and claims given by this chapter, provided nothing herein shall prohibit any employee from securing, by agreement with his employer, additional benefits from his employer for such injury or from enforcing such agreement for additional benefits.
It is axiomatic that an employee who has a right to benefits under the Workman's Compensation Act may not pursue an action against his employer for personal injuries. Panaro CT Page 4640 v. Electrolux Corporation, 208 Conn. 589, 599 (1988); Perille v. Raybestos-Manhattan-Europe, Inc., 196 Conn. 529, 532
(1985). All of the above cases recognize and affirm that the purpose of the workman's compensation statute is to compensate the worker for injuries arising out of and in the course of employment, without regard to fault, by imposing a form of strict liability on the employer. As our Supreme Court stated, the Act ". . . compromises an employee's right to a common law tort action for work-related injuries in return for relatively quick and certain compensation." Mingachos v. CBS, Inc., 196 Conn. 91, 97 (1985).
"The controlling fact in establishing exclusiveness is the relationship of the parties at the time of the occurrence of the injury." A. Larson, Larson's Workmen's Compensation Law, Vol. 2A, Sec. 65.13, p. 12-13. "In order to come within the course of the employment, an injury must occur (a) within the period of the employment;. . . ." McNamara v. Hamden, 176 Conn. 547, 550-51 (1979).
In the present case, the issue is whether the act of terminating the plaintiff, the act alleged to have caused the alleged emotional distress, "arises out of and in the course of employment." Connecticut General Statutes Section31-275 (12) defines "arising out of and in the course of his employment" as follows:
 (12) "Arising out of and in the course of his employment" means an accidental injury happening to an employee or an occupational disease of such employee originating while he has been engaged in the line of his duty in the business or affairs of the employer upon the employer's premises, or while so engaged elsewhere upon the employer's business or affairs by the direction, express or implied, or the employer. (A) In the case of a policeman and a fireman "in the course of his employment" shall encompass his departure from his place of abode to duty, his duty, and his return to his place of abode after duty. (B) A personal injury shall not be deemed to arise out of the employment unless causally traceable to the employment other than through weakened resistance or lowered vitality. (C) In the case of an accidental injury, a disability or a death due to the habitual use of alcohol or CT Page 4641 narcotic drugs shall not be construed to be a compensable injury. (D) In the case of aggravation of a preexisting disease, compensation shall be allowed only for such proportion of the disability or death due to the aggravation of such preexisting disease as may be reasonably attributed to the injury upon which the claim is based."
There are no Supreme Court or Appellate Court decisions which have addressed this particular issue. The majority of Superior Court cases, of which there are many, have held that a claim for negligent infliction of emotional distress resulting from the termination of plaintiff's employment is barred by the exclusivity provisions of the Act. See Neuharth v. Connecticut Institute for the Blind,3 Conn. L. Rptr. 462 (April 1, 1991, Dunn, J.); Salzberg v. Gateway Bank, 1 Conn. L. Rptr. 550 (April 26, 1990, Landau, J.); Deak v. O'Neill Chevrolet and Buick, Inc., 2 CSCR 432 (March 4, 1987, O'Neill, J.); Baker v. Cigna Corp., 4 CSCR 630 (July 11, 1989, O'Neill, J.).
However, holding contrary views are Sullivan v. Griffin Health Services Corp., 2 Conn. L. Rptr. 399, 401 (October 22, 1990, Meadow, J.) and Mosely v. Housing Authority, 4 CSCR 3, 4 (November 14, 1988, McDonald, J.).
It appears that those courts finding that the Act bars such a claim, have generally found that "the temporal aspects of a person being in the course of his employment and being fired are really inseparable." While those courts holding a counter view have found that the injury caused by the negligent infliction of emotional distress does not arise until after the employment has terminated.
This Court is compelled to follow the majority of the Superior Court rulings which find that a claim for negligent infliction of emotional distress resulting from the termination of plaintiff's employment arises out of and in the course of his employment and is, therefore, barred by the exclusivity provisions of the Act.
The motion to strike the seventh count is granted.
MIHALAKOS, J.